Matter of Gail UU. v Constance UU. (2019 NY Slip Op 05351)





Matter of Gail UU. v Constance UU.


2019 NY Slip Op 05351


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

526284

[*1]In the Matter of GAIL UU., Appellant,
v
CONSTANCE UU. et al., Respondents. (And Another Related Proceeding.)

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


David Brickman, Albany, for appellant.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered April 10, 2017, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Petitioner (hereinafter the grandmother) is the maternal grandparent of the subject child (born in 2013). Respondent Albany County Department of Children, Youth and Families (hereinafter DCYF) commenced a proceeding in June 2016 to remove the child from respondent Constance UU. (hereinafter the mother). The mother consented to the child's removal, and the child was placed in the custody of the grandmother. DCYF thereafter commenced a neglect proceeding against the mother, and, in August 2016, the child was placed in DCYF's custody and care. The grandmother thereafter commenced a proceeding seeking custody of the child. A joint hearing was held on DCYF's neglect petition and the grandmother's custody petition, after which Family Court found that returning the child to the mother and giving the grandmother custody of the child would not serve the child's best interests. Accordingly, the court, among other things, dismissed the grandmother's petition in an April 2017 order. The grandmother appeals.
This Court has been advised that, during the pendency of this appeal, the child was adopted. In view of this, the grandmother's appeal is moot (see Matter of Gricel R. v Felix R., 163 AD3d 824, 824 [2018]; Matter of Carmen P. v Administration for Children's Servs., 149 AD3d 577, 577 [2017]). Given that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), the appeal must be dismissed.
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.